IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: 
UMAR FAROOQ, :
: CASE NO. 1:07 CV 0946
Plaintiff, :
:
-vs- : ORDER & OPINION DENYING
: DEFENDANT'S MOTION TO DISMISS
MARK HANSEN, et al., : AND GRANTING DEFENDANT'S
: MOTION TO REMAND
Defendants. :
:
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on the defendants' motion to dismiss, or in the alternative, motion to remand. (Docket No. 3). Because the merits of the plaintiffs' claims are not at issue on a motion to dismiss, this order is limited to addressing two discrete issues: (1) whether the Court has subject matter jurisdiction to consider the merits of the plaintiffs' claims, and (2) whether the case should be remanded to the U.S. Citizenship and Immigration Services.

On 30 March 2007, plaintiff Umar Farooq commenced this action, asking this Court to issue a ruling on his naturalization application pursuant to 8 U.S.C. 1447(b), or in the alternative, to issue declaratory and injunctive relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 555 and § 701 et seq. ("APA). (Docket No. 1). The complaint names as defendants Mark Hansen, District Director, Citizenship and

Immigration Services - Cleveland Office; Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services; Alberto Gonzales, Attorney General of the United States; Michael Chertoff, Secretary, Department of Homeland Security; and Robert S. Mueller, III, Director, Federal Bureau of Investigation.  Id.  The defendants motion the Court to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), asserting that the Court lacks subject matter jurisdiction and that the plaintiff has failed to state a claim upon which relief may be granted.[1]  Alternatively, the defendants motion the Court to remand the case to the United States Citizenship and Immigration Services ("CIS") for resolution.  The plaintiff filed a response opposing dismissal (Docket No. 7), and the defendant replied (Docket No. 8).

For the reasons that follow, the Court will deny the defendants' motion to dismiss and will grant the defendants' motion to remand.

### I.  BACKGROUND

Plaintiff Umar Farooq became a lawful permanent resident of the United States on 14 June 2002.  (Docket No. 1 (hereinafter "Compl.") ¶¶ 19-20).  Mr. Farooq filed an application for naturalization with CIS on 25 March 2005.  Id. at ¶ 21.  The naturalization process is an administrative function, under which CIS adjudicates naturalization applications by conducting a personal investigation, receiving confirmation from the Federal Bureau of Investigation ("FBI") that the applicant passed a criminal background

---

[1] The defendants motion cites improper venue pursuant to Rule 12(b)(3) as a grounds for dismissal, but the brief to the Court neglects to address the merits of this issue. Accordingly, the Court will not consider the issue of venue.

2

check ("name check" or "criminal background check"), conducting an examination of the applicant, and either granting or denying the application.

On 20 August 2005, CIS conducted its examination of Mr. Farooq at the Cleveland CIS office in connection with his naturalization application.  Id. at ¶ 22.  At the examination, Mr. Farooq was notified that he passed the English and U.S. history and government tests, but that a final decision with respect to his naturalization application could not be made because the FBI had not completed his criminal background check.  Id.

At the time Mr. Farooq commenced this action, his application for naturalization had been pending for nineteen months.

## II.  STANDARD OF REVIEW

When deciding a motion to dismiss under Rules 12(b)(1) and 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The purpose of a motion to dismiss is to allow the defendant to test the legal sufficiency of a complaint without subjecting himself or herself to discovery.  Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003).

To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)(explaining that the long-standing "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) was a "negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be

supported by showing any set of facts consistent with the allegations in the complaint.").

### III. LAW & ANALYSIS

The defendants move the Court to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a valid claim pursuant to Rule 12(b)(6), or, in the alternative, to remand to CIS to continue processing the plaintiff's application for naturalization.

**A. Subject Matter Jurisdiction**

"When subject matter jurisdiction is challenged under 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." Rogers v. Stratton Indus., 798 F.2d 913, 915 (6th Cir. 1986). Mr. Farooq asserts that 8 U.S.C. § 1447(b) confers jurisdiction in this Court to determine whether he meets the requirements for naturalization because 120-days have passed since his examination with CIS. (Compl. ¶¶ 2, 25-27). Mr. Farooq's complaint further asserts that the APA confers jurisdiction in this Court to determine whether the defendants have unreasonably withheld final adjudication of his naturalization application. Id. at ¶ 29.

Title 8 U.S.C. § 1446 governs the process for investigating and conducting examinations of applicants for naturalization. The statute requires persons designated by the Attorney General, in this case CIS employees, to conduct both a personal investigation and an examination of the applicants. 8 U.S.C. § 1446(a)-(b).[2] The

---

[2] Section 1446 provides in relevant part:
(a) Waiver

4

employees designated to conduct the examination are further required to make the ultimate determination as to whether naturalization applications should be granted or denied. § 1446(d). The agency's regulations specify that it shall conduct the examination "only after [CIS] has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 3352(b). The FBI criminal background check is a requirement imposed by Congress. See Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119, 111 Stat. 2440 (1997).[3]

Title 8 U.S.C. § 1447(b) gives U.S. district courts jurisdiction to review an

---

Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization. * * *

(b) Conduct of examinations; authority of designees; record
The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee so designated is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths, including the oath of the applicant for naturalization, and to require by subpoena the attendance and testimony of witnesses, including applicant, before such employee so designated and the production of relevant books, papers, and documents . . . .

[3] "During fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997."

application for naturalization "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted . . . ." The statute further provides that the Court may either determine the merits of the naturalization application or remand the application to the administrative agency "with appropriate instructions." Id.

In this case, the defendants urge the Court to conclude that it lacks subject matter jurisdiction to hear this matter because the 120-day period has not expired. The defendants argue that the term "examination" in § 1446 and § 1447(b) refers to an overall examination process, including the FBI name check, not a one-time event, and, therefore, the 120-day period set forth in § 1447(b) does not begin to run until the entire examination process has been completed.[4] Here, the defendants maintain that the 120-day clock imposed by § 1447(b) will not begin to tick until the FBI completes its criminal background check of Mr. Farooq. The plaintiff, on the other hand, contends that the examination is a distinct event, and that the 120-day period begins on the date CIS conducts this examination as required by § 1446.[5] In support of his argument, Mr.

---

[4] A minority of federal courts support the defendants' interpretation of the term "examination" in the context of §1446 and § 1447: Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D. Va. 2005); El Kassemi v. Dep't of Homeland Sec., 2006 WL 2938819 (D.N.J. Oct.13, 2006); Damra v. Chertoff, 2006 WL 1786246 (N.D.Ohio June 23, 2006).

[5] The plaintiff's argument is the interpretation overwhelmingly supported by federal courts. See Issa v. Mueller, 486 F.Supp.2d 668 (E.D. Mich. 2007); Hussein v. Gonzales, 474 F.Supp.2d 1265 (M.D. Fl. 2007); Khelifa v. Chertoff, 433 F.Supp.2d 836 (E.D.Mich.,2006); El-Daour v. Chertoff, 417 F.Supp.2d 679 (W.D. Pa. 2005); Asgari v. Gonzales, 2007 WL 1834710 (S.D. Mich. June 22, 2007); Al-Farisi v. Mueller, __ F.Supp.2d __, 2007 WL 1720145 (S.D.N.Y. June 14, 2007); Elaloul v. Hansen, 2007 WL 1299274 (N.D. Ohio May 1, 2007); Mahd v. Chertoff, 2007 WL 891867 (D.Colo. Mar. 22, 2007); Affaneh v. Hansen, 2007 WL 295474 (S.D. Ohio Jan. 29, 2007); Essa v. USCIS, 2005 WL 3440827 (D.Minn. Dec. 14, 2005).

Farooq states the plain language of § 1447(b) and 8 C.F.R. § 335.2(a), CIS's regulations governing the examination, contemplate that an examination will take place on a certain identifiable date.

The Court concludes that the term "examination" in § 1446 and § 1447 refers to a single event and not an ongoing process, and that the 120-day period begins to run on the date the § 1446 examination occurs. Section 1447(b) identifies the 120-day period as beginning after "the date on which the examination is conducted." Such language demonstrates that the "examination" is a discrete act intended to take place on an identifiable date and not, as the defendants suggest, a process which takes place over a period of time. Further, CIS's regulations specify that the FBI namecheck and the examination are distinct events and not part of a continuous process by mandating that the FBI name check be completed prior to the examination. See 8 C.F.R. § 3352.(b).

To conclude that subject matter jurisdiction exists in this case pursuant to § 1447(b), the Court must now determine whether 120-days have passed since CIS conducted its examination of Mr. Farooq. Mr. Farooq's examination occurred on 22 August 2005. More than 120 days have passed since the examination and CIS has neither granted nor denied his application for naturalization. Accordingly, this Court has subject matter jurisdiction to adjudicate Mr. Farooq's claims.

**B. Remand**

Once a federal court assumes jurisdiction pursuant to § 1447, the statute authorizes the court to resolve the matter on the merits or remand the case to CIS to with appropriate instructions for resolution. 8 U.S.C. § 1447(b). All but one of the courts identified in footnote 2, supra, remanded their respective cases to CIS for

resolution pending completion of the background checks, and many imposed deadlines ranging from 30 days to 120 days for the FBI to complete the criminal background investigation and for CIS to render a final decision.

In this case, the Court will remand the matter back to CIS for prompt resolution upon confirmation that Mr. Farooq has passed the FBI criminal background check.[6] Although the Court acknowledges the plaintiff's frustration with the delay in receiving a final ruling on his application, the Court, like CIS, is not in a position to either grant or deny the plaintiff's application without the requisite completed criminal background check from the FBI. Furthermore, an order of remand comports with Congressional intent that CIS make the initial determinations regarding naturalization applications. Issa, 486 F.Supp.2d at 674.

### IV.  CONCLUSION

The defendants' motion to dismiss on the basis of subject matter jurisdiction is denied, and the defendants' motion to remand the case is granted. Because the Court is remanding the matter for resolution, the defendants' motion to dismiss for failure to state a claim is denied as moot.

This matter is hereby remanded to the U.S. Citizenship and Immigration Services. Once the agency is notified that Mr. Farooq has passed the FBI's criminal

---

[6] Although the plaintiff opposes an order of remand, his brief argues alternatively that if the Court remands the matter to CIS, the remand order should impose a 60-day deadline for the FBI to complete it's name check and for CIS to render a final decision. The Court will not impose a specific deadline on the FBI because it has no basis for determining how much time is necessary to complete the criminal background check.

8

background check, it shall promptly issue a decision on the plaintiff's application for naturalization.

    IT IS SO ORDERED.

                                            /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Date: 27 July 2007